IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-82-2 |
| | ) |
| WILLIAM JAMES PETERSON | ) |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for return of property pursuant to Fed.R.Crim.P. 41(g) filed by William James Peterson ("petitioner") and the government's response thereto. For the reasons set forth below, the motion will be granted.

On March 3, 2009, a grand jury returned a two-count indictment charging petitioner and two other individuals at Count One with conspiracy to distribute and to possess with intent to distribute cocaine. Petitioner subsequently entered a plea of guilty to Count One and was sentenced to a term of imprisonment of 88 months.

Petitioner has filed a motion pursuant to Fed.R.Cr.P. 41(g)[1] seeking the return of various items of personal property including clothing, magazines, cell phones and bags. The government's response indicates that it consents to the return of the items, with the possible exception of the cell phones.

---

[1] Fed.R.Crim.P. 41(g) provides in pertinent part: "A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

It is well settled that "[p]roperty seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004).

After the termination of criminal proceedings, the government bears a heavy burden of demonstrating a legitimate reason to retain property that had been seized for investigative or trial purposes. United States v. Chambers, 192 F.2d 374 (3d Cir. 1999). Here, the criminal proceedings against petitioner have been concluded, and there is no indication that any of the seized items, including the cell phones, are contraband or subject to forfeiture. The government has acknowledged its responsibility to return the majority of the items, and it should make the necessary arrangements for the return of all of the requested property, including the cell phones, forthwith if it has not already done so.

An appropriate order follows.

O R D E R

AND NOW, this 4th day of April, 2011, for the reasons set forth above, IT IS ORDERED that petitioner's motion for return of property (Document No. 170) be, and the same hereby is, **granted**.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Margaret E. Picking
　　Assistant U.S. Attorney

　　William James Peterson