IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-82-2 |
| | ) |
| WILLIAM JAMES PETERSON | ) |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by William James Peterson ("petitioner"). For the following reasons, petitioner's §2255 motion will be denied.[1]

On March 3, 2009, a grand jury returned a two-count indictment charging petitioner at Count One with conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §846.[2] On April 6, 2010, petitioner changed his previously entered plea of not guilty to guilty at Count One. A presentence report was ordered and a sentencing date was set.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that petitioner's claim for relief is meritless.

[2] Two other individuals, Stephan Andre Pete and Frank Murphy, also were charged at Count One. Count Two charged only Pete with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

After receipt of the presentence report, the court issued a memorandum order and tentative findings and rulings in which petitioner was found to have a criminal history score of 12, resulting in a criminal history category of V. Petitioner's total offense level of 29 with a criminal history category of V resulted in an advisory guideline sentencing range of 140 to 175 months. At the sentencing hearing held on August 4, 2010, the court granted petitioner a significant downward variance from that advisory guideline range and sentenced him to a term of imprisonment of 88 months. Petitioner did not file a direct appeal from his conviction or sentence.

Petitioner timely filed the pending §2255 motion asserting but a single ground for relief: that his counsel, Assistant Federal Public Defender Thomas Livingston, was ineffective in failing to challenge the addition of two criminal history points to petitioner's criminal history score under U.S.S.G. §4A1.1(d) because he committed the offense of conviction "while there was an outstanding capias for a violation of probation" issued by the Harrison County (West Virginia) Circuit Court. Upon due consideration of petitioner's motion, the government's response and the record as a whole, the court finds that petitioner is not entitled to relief under §2255.

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete

AO 72
(Rev. 8/82)

- 2 -

miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. The petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

Here, petitioner's sole allegation of ineffectiveness is that AFPD Livingston failed to object to the addition of two points to petitioner's criminal history score under §4A1.1(d). Because petitioner can show neither deficient performance nor prejudice stemming from Attorney Livingston's decision not to challenge the assessment of those criminal history points, his ineffective assistance of counsel claim fails as a matter of law.

First, petitioner cannot show deficient performance. While it is true that "'[w]here defense counsel fails to object to an <u>improper</u> enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance,'" United States v. Otero, 502 F.3d 331, 336 (3d Cir. 2007)(citation omitted; emphasis added), in this case the two points correctly were applied to petitioner's criminal history score.

Pursuant to U.S.S.G. §4A1.1(d), two points are to be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation ...." Application note 4 to §4A1.1(d) explicitly provides that "[a] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (<u>e.g.</u>, a probation ... violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant."[3]

---

[3] The 2009 edition of the Guidelines Manual, which was in effect on the date of petitioner's sentencing, was used by the court to calculate the advisory sentencing range. Contrary to petitioner's assertion, there has been no amendment either to §4A1.1(d) or application note 4 since petitioner's sentencing. The so-called "recency" amendment to §4A1.1, to which petitioner refers in his petition, has no impact on his case. That amendment, which became effective on November 1, 2010, deleted only the subsection of §4A1.1 which provided for the addition of two points to a defendant's criminal history score if the offense was committed less than two years after release from imprisonment. Petitioner received no points under that since-deleted provision.

In this case, petitioner was sentenced in August of 2000 to a five-year term of probation for conspiracy to commit grand larceny in the Harrison County (WV) Circuit Court. On December 5, 2001, petitioner failed to appear for a probation violation hearing and a capias was issued, which still was in effect at the time petitioner committed the instant offense in February of 2009. Accordingly, pursuant to the express terms of U.S.S.G. §4A1.1(d) and application note 4 thereto, two points properly were added to petitioner's criminal history score.

Petitioner is incorrect in his suggestion that the two points should not have been added because the capias subsequently was rescinded by order of the Harrison County Circuit Court. Although petitioner has submitted a copy of the order by that court approving an agreement between the prosecuting attorney and chief public defender to rescind the capias and terminate petitioner's probation, that order is dated April 27, 2011, ten months <u>after</u> petitioner was sentenced by this court. Moreover, it is clear from the order that the capias was rescinded and petitioner's probation was terminated in light of the lengthy sentence imposed by this court on August 4, 2010.

In any event, petitioner has not demonstrated, nor even alleged, that a violation warrant from a prior sentence was not outstanding or that he was not on probation at the time he committed the instant offense. To the contrary, at the time of petitioner's sentencing, the capias issued as a result of his probation violation remained in effect. Accordingly, two points correctly were added to petitioner's criminal history score under §4A1.1(d) and his counsel was not ineffective in failing to contest those points.

Even assuming that the points improperly were added, however, petitioner would not be entitled to relief under §2255 because he cannot

establish any prejudice. The application of §4A1.1(d) resulted in the addition of two points to petitioner's criminal history score resulting in a total score of 12, which falls within criminal history category V. See U.S.S.G. §4A1.1; §5 (Part A). But, even subtracting the two points added under §4A1.1(d), petitioner's criminal history score would have been 10, which also falls within criminal history category V. See U.S.S.G. §4A1.1; §5 (Part A). Thus, regardless of the additional two points, petitioner's advisory sentencing range under the guidelines would have been exactly the same.

As petitioner has been unable to establish either deficient performance by his trial counsel or any prejudice, he is not entitled to relief on the grounds of ineffective assistance of counsel, and his claim will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of the constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, this court determines that a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 fails to raise a meritorious claim and must be denied as a matter of law.

An appropriate order will follow.

                                       /s/ Gustave Diamond
                                             Gustave Diamond
                                             United States District Judge

Date: November 28, 2012

cc:    Margaret E. Picking
        Assistant United States Attorney

        William James Peterson